IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TREVOR BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 317-032 |
| | ) | |
| J. BEASLEY, Lieutenant; PHILIP HALL, Warden, Telfair State Prison; FRED GAMMAGE, Deputy Warden/Security; CATHY LEWIS, Deputy Warden / Care & Treatment; NANCY M. HARRIS, Deputy Warden/Administration; MRS./MS. JOHNSON, Grievance Coordinator; BARBARA GRANT, Unit Manager; GREGORY C. DOZIER, Commissioner of GDC; ROBERT TOOLE, Field Operations Manager; and, STANLEY WILLIAMS, Warden, Valdosta State Prison, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. nos. 14, 15).[1] The Magistrate Judge recommended dismissing the case without prejudice as a

---

[1] Although Plaintiff titled one filing "Motion to Alter or Amend the Judgment," no final judgment has entered, and the substance of his filing argues against the recommendation for dismissal. (Doc. no. 14.) Likewise, the "Sworn Declaration" from Plaintiff is also, in substance, an argument against dismissal. (Doc. no. 15.) Thus, the Court considers the filings for what the substance shows them to be, objections to the Magistrate Judge's analysis.

sanction for Plaintiff providing dishonest information about his filing history. (See doc. no. 11.) Plaintiff concedes that he did not provide accurate responses to the questions on the complaint form but asks that the Court excuse his mistake. The Court declines to do so.

Plaintiff does not deny he filed the undisclosed cases identified by the Magistrate Judge. Nor does he deny knowledge of the cases. Rather, he claims he misunderstood the questions on the standard complaint form and "was reliant on the Court" to search the record for correct information and "adjust" his answers appropriately. (Doc. no. 14.) The plain language of the complaint form explains a prisoner plaintiff must disclose his prior filing history. (Doc. no. 3, pp. 1-3.) Moreover, this is the second case Plaintiff has filed in the Southern District of Georgia using the standard complaint form, and he has litigated that first case to the summary judgment stage, utilizing statutes and case law in support of his position there. See Barnes v. Carani, CV 116-015 (S.D. Ga. Feb. 4, 2016). Thus, his claims of misunderstanding the plain language of questions about prior filing history on the standardized complaint form rings hollow.

As the case law cited in the Report and Recommendation makes clear, failing to disclose prior filing history will not be tolerated, and the Eleventh Circuit has repeatedly approved of dismissing a case without prejudice as a sanction. (See doc. no. 11, pp. 4-5.) Likewise, Plaintiff may not now amend his complaint to include disclosure of the cases cited in the Report and Recommendation because it would "circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history." Ludy v. Emmons, No. CV 316-033, 2016 WL 4005872, at *1 (S.D. Ga. July 25,

2016) (citing Brown v. Overstreet, CV 107-113, 2008 WL 282689, at *2 n.2 (S.D. Ga. Jan. 30, 2008)); see also Harris v. Warden, 498 F. App'x 962, 964-65 (11th Cir. 2012) (rejecting plaintiff's argument that district court abused its discretion by dismissing his complaint without prejudice as a sanction for abuse of the judicial process before "allowing him 'to correct' his failure to disclose his prior litigation history"). Therefore, the Court **DENIES** the motion to amend. (Doc. no. 13.)

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case without prejudice as a sanction for Plaintiff's abuse of the judicial process, and **CLOSES** this civil action.

SO ORDERED this 11th day of August, 2017, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE